USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/26/10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------x
                                        :

SEA CONSORTIUM PTE LTD.,          :

                 Plaintiff,     :

                                  :    09 Civ. 1228 (BSJ)

            v.                     :

                                  :       **ORDER**

GREAT OCEAN CONTAINER LINE (HONG KONG)   :
LIMITED,                                :

                                  :

                 Defendant.     :
-------------------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

On February 11, 2009, this Court granted Plaintiff's

request for process of maritime attachment and garnishment

because it found that the conditions set forth in Rule B of the

Supplemental Rules for Certain Admiralty and Maritime Claims of

the Federal Rules of Civil Procedure appeared to exist.  On

October 16, 2009, the Second Circuit Court of Appeals issued a

decision holding that electronic funds transfers ("EFTs") "are

neither the property of the originator nor the beneficiary while

briefly in the possession of an intermediary bank" and thus

"cannot be subject to attachment under Rule B."  Shipping Corp.

of India Ltd. v. Jaldhi Overseas Pte Ltd., 585 F.3d 58, 71 (2d

Cir. 2009).  Shortly thereafter, the Second Circuit ruled that

the holding in Jaldhi applied retroactively to attachments that

had already been granted.  See Hawknet, Ltd. v. Overseas

1

Shipping Agencies, 587 F.3d 127, 130 (2d Cir. 2009), amended Hawknet, Ltd v. Overseas Shipping Agencies, __ F.3d __, 2009 WL 4911944 (2d Cir. Dec 22, 2009).

On January 4, 2010, this Court ordered Plaintiff to show cause, on or before January 19, 2010, why the process of maritime attachment previously issued in this action should not be vacated or modified and the action dismissed in light of Jaldhi, 585 F.3d at 71. Plaintiff has not responded to this Order to Show Cause.

Plaintiff has not alleged that Defendants have any property interest in this district other than Defendants' supposed interest in EFTs briefly in the possession of U.S. intermediary banks. Accordingly, in light of the rules announced in Jaldhi and Hawknet that EFTs are not property attachable under Rule B, this Court hereby vacates the February 11, 2009 Order of Attachment and orders the funds attached pursuant to this Order released immediately.

In the absence of any other basis for personal jurisdiction in this case, the above-captioned action is hereby DISMISSED. The Clerk of the Court is directed to close the case.
SO ORDERED:

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:    New York, New York
          January 22, 2010

3